THE STATE OF CONNECTICUT vs. JAMES F. RYAN.

First Judicial District, Hartford, March Term, 1908.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

General Statutes, § 1369, prohibits "any secular business or labor, except works of necessity or mercy," on Sunday. Held:—

1. That the sale on Sunday of tickets to ɪ "moving picture show" advertised to be given that evening in an opera house, was not a work of " necessity or mercy."

2. That the defendant, certainly, could not complain of an instruction to the jury which virtually left it to them to determine whether the sale in question was such an act of secular business or labor as actually disturbed the public peace and quiet, or annoyed, interrupted or disturbed any citizen in the proper observance of Sunday, inasmuch as the charge in that particular was in substantial compliance with his own request.

The defendant also requested the court to instruct the jury that the primary purpose of the statute was the protection of servants and the prohibition of servile labor on Sunday. *Held* that there was no ground for imposing so narrow a limitation upon the words of the statute.

Argued March 3d—decided April 15th, 1908.

INFORMATION by the State's Attorney, filed in the Superior Court in Litchfield County, under General Statutes, § 1369, charging that the defendant " unlawfully did secular business and labor between twelve o'clock Saturday night, September 28th, 1907, and twelve o'clock Sunday night, September 29th, 1907, to wit: did sell tickets and receive compensation therefor, for admission to a moving picture show theretofore advertised and published to take place on said September 29th, 1907, at a certain building called the Torrington Opera House, said secular business and labor not being a work of necessity or mercy"; tried to the jury before *Case, J.* Verdict of guilty and judgment accordingly, and appeal by the accused. *No error*.

*Homer R. Scoville*, for the appellant (the accused).

*Donald T. Warner*, State's Attorney, for the appellee (the State).

BALDWIN, C. J. The facts in the case at bar were undisputed. The defendant sold, for personal gain, at about a quarter past eight o'clock on Sunday evening, at the ticket office of the Torrington Opera House, tickets to a " moving picture show." It had been advertised in the Torrington newspaper that such a show would take place in that house, that evening. In fact, there was none.

General Statutes, § 1369, which prohibits " any secular business or labor, except works of necessity or mercy ", or engaging " in any sport ", between midnight of Saturday and midnight of Sunday, when read in connection with § 1370 making it a penal offense to " be present at any concert of music, dancing, or other public diversion on Sunday, or on the evening thereof," supports the charge of

the court that this sale was not a work of necessity or mercy. The word " show " appeared in our statute " for the due Observation of the Sabbath or Lord's-Day " in the Revision of 1784 (p. 213). It is contained in a paragraph out of which came General Statutes, § 1370, forbidding any one to be " present at any Concert of Music, Dancing, or any public Diversion, Shew, or Entertainment." The last three words were omitted in the Revision of 1821 (p. 385), in making which the aim was to abbreviate wherever it was possible. It is not to be presumed that they were dropped from any other cause than the belief that public " shows " were included in the term " public diversion." *Stapleberg* v. *Stapleberg*, 77 Conn. 31, 35, 58 Atl. 233.

The show with which the defendant was connected was a public one, to be given in an opera house. It cannot be a work of necessity or mercy to promote attendance at a place of public diversion where it is unlawful for any one to be present.

The opinion of the trial court that such was the law was properly stated in the charge to the jury. *State* v. *Fetterer*, 65 Conn. 287, 32 Atl. 394.

The question remains whether the act of the defendant was the doing of " any secular business or labor " within the meaning of § 1369.

The Superior Court was requested by the defendant to instruct the jury that under our statutes " secular business means anything which interferes with the preservation of public peace and order, or the enjoyment of appropriate quiet and religious observances on Sunday " ; that if what was done by the defendant was not such as " to disturb people engaged in proper religious observances, and was not such as to disturb public peace and order," they should return a verdict of not guilty.

The instructions given were that there are certain acts of secular business or labor which, in their very nature, disturb the general observance of Sunday as a day of rest and good order, or are calculated to disturb the peace of

people conscientiously observing the day in the spirit of the legislation regarding it; that the acts charged against the defendant were not necessarily of that nature; that if they were satisfied beyond a reasonable doubt that these acts were done under such circumstances as actually to disturb the public peace and quiet, or to annoy, interrupt, or disturb any citizen in his proper observance of the day, they must find the defendant guilty; but that, if they were not so satisfied, they should find him not guilty.

It is unnecessary to inquire whether this charge was in all respects correct. In view of the requests of the defendant, it contained nothing of which he could complain.

The verdict established the fact that he had done secular business or labor on Sunday which actually disturbed the public peace and quiet, or annoyed, interrupted, or disturbed a citizen in his proper observance of the day. This, without question, was ample to show a violation of the statute.

The defendant also requested the court to instruct the jury that its primary purpose is the protection of servants and the prohibition of servile labor. There is no ground for imposing so narrow a limitation on the words of § 1369.

There is no error.

In this opinion the other judges concurred.