## COUNTY COURT — MONTGOMERY COUKTY.

### November, 1922.

## THE PEOPLE v. JOSEPH SIMAN AND SAMUEL SIMAN.

#### (119 Misc. 635.)

(1) INDICTMENT—ATTEMPTED LARCENY—PENAL LAW, § 1292-A—DEMURRER OVERRULED.

Section 1292-a of the Penal Law, under which an attempted larceny therein defined can only be committed as therein specified, was enacted for the particular purpose of protecting the commercial world.

It is a statute under which innocent transactions may well be presumed to be fraudulent under the provision therein that refusal of payment shall be *prima facie* evidence of intent to defraud.

(2) SAME.

The mere drawing, uttering or delivering of a check, draft or order as specified in said section with intent to defraud, even though the property is not obtained, is attempted larceny.

(3) SAME.

An indictment under said section which alleges a violation thereof, specifically refers thereto, alleges the commission of the act in the language of the statute, sets up the transaction in detail and charges that the act alleged to have been committed is felonious, is good and a demurrer thereto will be overruled.

DEMURRER to indictment.

*N. J. Herrick, District Attorney,* for People.

*Barnett E. Kopelman,* for defendants.

HARDIES, J.:

The defendants demur to an indictment under which they have been indicted for the crime of attempt to commit the crime of grand larceny under section 1292-a of the Penal Law.     The

indictment in one count charges that they " did wilfully, wrong-fully, knowingly, unlawfully and feloniously and with intent to defraud, draw a check to LeRoy Blanchard & Co., Inc., a domestic business corporation duly organized and existing under and by virtue of the Laws of the State of New York, for the payment in money of the sum of $664.68 upon the East River National Bank of New York, New York, a bank and depositary for money, knowing at the time of such drawing of the said check that the Premier Silk and Fabric Glove Co., the purported maker thereof and of which the said Joseph Siman was at the time President and of which the said Samuel Siman was at the time the Treasurer, had not sufficient funds in and credit with said bank for the payment of such check, which said check was refused by the said East River National Bank of New York, New York, the drawee, because of lack of funds and lack of credit, and which said check was upon such refusal of payment by the said East River National Bank of New York, New York, duly protested for nonpayment and notice of such protest of the said check duly given to the said Premier Silk and Fabric Glove Co. and to the said Joseph Siman and to the said Samuel Siman, and no part of the said check or the amount for which the said check was drawn, as aforesaid, has ever been paid, and more than ten days has tran-spired after the receiving of notice by the said Premier Silk and Fabric Co. and the said Joseph Siman and the said Samuel Siman that said check had not been paid by the said bank, the drawee, as aforesaid."

There are two other counts, but they differ from the first only in the use of the verbs " utter " and " deliver," instead of the word " draw."

The demurrer is based upon these three grounds: That it does not state that the defendants attempted to defraud LeRoy Blanchard & Co., Inc., of any property specifically named in section 1290 of the Penal Law, or of the use or benefit thereof, or to appropriate the same to their own use, or of any other

15

person; that there is no statement that this property is of the value of more than $500, and that it does not allege the ownership of the property.

Section 275 of the Code of Criminal Procedure, among other things, provides that the indictment shall contain " A plain and concise statement of the act constituting the crime without unnecessary repetition."    Section 1292-a of the Penal Law, under which the indictment is framed, reads as follows: " Any person who, with intent to defraud, shall make or draw or utter or deliver any check, draft or order for the payment of money upon any bank or other depositary, knowing at the time of such making, drawing, uttering or delivering that the maker or drawer has not sufficient funds in or credit with such bank or other·depositary for the payment of such check, although no express representation is made in reference thereto, shall be guilty of attempted larceny, and if money or property is obtained from another thereby is guilty of larceny and punishable accordingly.

" In any prosecution under this section as against the maker or drawer thereof, the making, drawing, uttering or delivering of a check, draft or order, payment of which is refused by the drawee because of lack of funds or credit, shall be *prima facie* evidence of intent to defraud and of knowledge of insufficient funds in or credit with such bank or other depositary, unless such maker or drawer shall have paid the drawee thereof the amount due thereon, together with interest and protest fees, within ten days after receiving notice that such check, draft or order has not been paid by the drawee.

" The word ' credit,' as used therein, shall be construed to mean an arrangement or understanding with the bank or depositary for the payment of such check, draft or order."

If the indictment was framed under sections 1294 or 1296, defendants' contentions would be well founded.

These sections specifically provide that if a person " steals, or unlawfully obtains or appropriates " property of certain

values in certain ways and at certain times, he is guilty of either grand larceny in the first or second degree. Section 1290 characterizes certain acts as stealing and names the classes of property which are the subject of theft, but the act charged in this indictment is not mentioned in either of those sections, nor could such act be an indictable offense thereunder.

In order to establish larceny within the provisions of these sections, certain property must be taken or appropriated and such taking and appropriation must be "with the intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person."

"An act, done with intent to commit" the crime of larceny "and tending but failing to effect its commission, is an attempt to commit that crime." (Penal Law, § 2.)

Section 1292-a defines both a larceny and an attempted larceny. It provides that these crimes may be committed as therein specified and the manner and method of committing those crimes under that section is entirely disassociated with and has no relation whatsoever to sections 1290, 1294 and 1296. Attempted larceny under section 1292-a can only be committed as therein specified. It is apparent that the Legislature has enacted this section into a law for the particular purpose of protecting the commercial world. The mere drawing, uttering or delivering a check, draft or order as therein specified, with intent to defraud, even though property is not obtained, is attempted larceny. A close study of the section discloses that it is a provision of law under which innocent transactions may well be presumed to be fraudulent, under the provision therein that refusal of payment shall be *prima facie* evidence of intent to defraud. Much apparently is left to the defense of the person charged with crime thereunder.

The indictment does not charge the defendants with the crime of larceny, but with the crime of violating the section in question, specifically refers to the section and alleges the act in

the language of the statute, and, also, sets up the transaction in detail. It also charges that the act is a felonious act.

The indictment fully informs the defendants of the nature of the crime and the manner in which it is claimed to have been committed. Degree of crime is also shown by the statement of the amount of the check in question, and, while it does not specifically charge attempted larceny in any particular degree, I doubt if this is necessary under the indictment in its present form, because the crime charged is a violation of section 1292-a, and in this section there is no reference to degree. It states that a person committing the act specified " is guilty of larceny and punishable accordingly; " hence, the statement of the amount would indicate the degree of larceny and, in case of conviction, it would be punishable accordingly.

The crime is sufficiently charged and the demurrer is, therefore, overruled.

Ordered accordingly.