JOHN E. CLIFTON, JR., Appellant, v. THE STATE OF DELAWARE, Appellee.

(*October* 29, 1958.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*George R. Wright* for appellant.

*Joseph Donald Craven,* Attorney-General, and *James B. Messick,* Deputy Attorney-General for Kent County, for the State.

Supreme Court of the State of Delaware, No. 9, 1958.

SOUTHERLAND, C. J.:

Appellant Clifton, defendant below, was indicted in 1956 on six charges of violating the statute relating to the making and uttering of worthless checks. Each of the checks was a check of "Clifton Motor Co., Inc.", a corporation, and was signed "John E. Clifton, Pres.". He moved to dismiss the indictments. The motion was denied in an opinion filed in January, 1958. The cases were consolidated for trial. Trial was held in March, 1958. Two of the charges were dropped. Clifton was found guilty on the other four. He appeals.

Clifton raises here the question raised below and decided against him. That question is:

May a corporate officer who issues a worthless check in the name of his corporation be held criminally liable under the worthless check statute?

That statute (11 *Del. C.* § 555) provides in part:

"(a) Whoever makes, draws, utters, or delivers any check, draft or order.for the payment of money, to the value of $100 or more, upon any bank or other depository knowing at the time of such making, drawing, uttering, or delivering that the maker or drawer has not sufficient funds in, or credit with, such bank or other depository for the payment of such check, draft or order, in full, upon its presentation, shall be fined in such amount, or imprisoned for such term, or both, as the court, in its discretion, may determine."

Paragraph (b) contains like provisions with respect to checks to the value of less than $100.

Defendant's contention is that the statute does not apply to the case of a person who in his official capacity as a corporate officer knowingly issues a worthless check on the corporate bank account. The corporation, it is argued, is the maker and utterer, and the statute does not include the officer who signs and delivers the worthless check.

On its face the argument is unsound. The statute is enacted in furtherance of a public policy to punish a special sort of commercial fraud, whether the fraud be committed in an individual or official capacity. To construe it as defendant seeks to do would be to emasculate it. Corporations must act through human beings, and the human being who violates the law is responsible for his acts. This principle is well settled.

We find almost no dissent from the proposition that an officer of a corporation is criminally liable for his acts, though done in his official capacity, provided that he himself committed the act or aided or abetted in the doing of it. 3 *Fletcher, Cyclopedia Corporations,* § 1348; *Am. Jur., "Corporations",* §§ 1100-1102. For cases involving embezzlement or larceny, see *State v. Thomas,* 123 *Wash.* 299, 212 *P.* 253, 33 *A. L. R.* 781, and the cases collected in the annotation, pp. 787-792.

The principle is applicable to violations of the worthless check statutes. *State v. Cooley,* 141 *Tenn.* 33, 206 *S. W.* 182; *State v. Stemen,* 90 *Ohio App.* 309, 106 *N. E.* 2d 662. See also *People v. Siman,* 119 *Misc.* 635, 197 *N. Y. S.* 713, sustaining an indictment against two corporate officers for violation of a worthless check statute.

As has been said many times by the courts, one who commits a crime may not shield himself from punishment because he committed the crime in the name of the corporation.

Defendant relies on *People v. Fleishman,* 133 *Misc.* 288, 232 *N. Y. S.* 187, 188, in which the Magistrate's Court of New York

City held that the New York worthless check statute was inapplicable to a corporate officer. The holding is based on a highly technical construction of the words "make or draw or utter or deliver", derived from rules of the Negotiable Instruments Law. This holding, we think, is contrary to the settled principle of law above referred to. We cannot agree with its reasoning.

For the reasons above stated, we hold that our statute includes corporate officers who knowingly violate the law by issuing worthless checks in the name of the corporation.

The judgment of the Superior Court of Kent County is affirmed.