584

## State of Connecticut v. Michael Picheco

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 3-2755

Argued March 2—decided June 2, 1964

*David S. Grossman,* of Brookfield, for the appellant (defendant).

*Americo Ventura,* assistant prosecuting attorney, for the appellee (state).

PRUYN, J. In a trial to the court the defendant was convicted, in four counts, of violating the Sunday laws, § 53-300 of the General Statutes, by keeping open a shop on four successive Sundays. He has appealed in respect to the second, third and fourth counts. He asks us to reverse the judgment as to these three counts because he was denied a continuance and was not given an opportunity to consult with counsel and because the court erred in its conclusions based on the subordinate facts and in its conclusion on all the evidence that the defendant was guilty beyond a reasonable doubt.

The defendant was first charged with keeping his shop open on Sunday, December 8, 1963. On December 16, 1963, David S. Grossman filed an appearance as his attorney. At that time Grossman was told by the prosecutor that there would be further prosecutions if there were further violations. This information Grossman conveyed to the defendant. The case was continued to December 30, 1963, on which date the defendant was charged with similar violations on December 15, 22 and 29, in an additional information which became part of the original case. General Statutes § 54-57. His request for a continuance and opportunity to consult counsel in respect to the three additional counts was denied except that he was granted a five-minute recess for that purpose. Then he was put to plea and after pleading not guilty to all four counts went to trial on the merits.

Matters relating to the trial are within the sound discretion of the presiding judge. In the case before us, the defendant and his counsel had been forewarned about future violations; a continuance of two weeks had then been granted, and during that period the defendant could have consulted counsel or retained other counsel and prepared a defense to any charges of future violations of the same statute. Under these circumstances, we see no abuse of discretion by the trial court in denying the request for a continuance.

In respect to the merits of the second, third and fourth counts, the court found the following facts, which are undisputed and amply supported by the evidence produced by the state. The defendant did not testify. He was the president, treasurer and majority stockholder of Warehouse Sales, Inc., a shop doing business in Danbury, and controlled its operations. Warehouse Sales, Inc., was open for

business on December 15, 22 and 29, 1963, all Sundays. It did not fall within the exceptions mentioned in § 53-300, nor was the defendant exempt from prosecution thereunder as a person observing Saturday instead of Sunday.

The pertinent provisions of § 53-300 are the following: "Any person who does, or requires an employee to do, any secular business or labor, except works of necessity or mercy, or, unless required by necessity or mercy, keeps open any shop . . . between the hours of twelve o'clock Saturday night and twelve o'clock Sunday night next following, shall be fined not more than fifty dollars." The defendant claims that on all the evidence it was the corporation, Warehouse Sales, Inc., and not he that kept the shop open on the three Sundays. This argument is unsound. The statute, of great antiquity, was enacted in furtherance of a public policy to preserve the Lord's day as a day of rest and worship free from secular activities. The language of the statute is clear and unambiguous; the legislative intent is to punish the individual offender no matter what his position is. To construe it as the defendant wishes to construe it would be to nullify its purpose. The fact that § 53-301, under the language "[n]o person, firm or corporation," prohibits anyone engaged in the automobile business from keeping open a place of business on Sunday does not, contrary to the defendant's contention, evidence a legislative intent that § 53-300 should be given a meaning different from its express language. Section 53-301 was enacted at a different time under different circumstances. We are not concerned here with any criminal liability of the corporation.

No citation of authority is needed for the general principle that corporations must act through individuals and that the individual who violates the

law is responsible for his own act. A corporate officer may be criminally liable for his own act though it is done in his official capacity, if he participates in the unlawful act either directly as the actual, present and efficient actor behind the corporation or indirectly as an aider, abettor or accessory. 3 Fletcher, Corporations (Repl. 1947) §§ 1348, 1349; 19 C.J.S., Corporations, § 931; 13 Am. Jur., Corporations, §§ 1100-1102. "As has been said many times by the courts, one who commits a crime may not shield himself from punishment because he committed the crime in the name of the corporation." *Clifton* v. *State*, 51 Del. 339, 341; see also *Charleston Oil Co.* v. *Poulnot*, 143 S.C. 283, 298; *State* v. *Pincus*, 41 N.J. Super. 454, 458; *State* v. *Thomas*, 123 Wash. 299, 302; *Ledbetter* v. *State*, 20 Ala. App. 626; *State* v. *Lux*, 235 Minn. 181, 187. "It is the universal rule that an officer or agent of a corporation cannot avoid responsibility for his act on the ground that it was done in his official capacity, nor can he assert that acts in corporate form are not his acts merely because they are carried on by him through the instrumentality of the corporation which he controls and dominates and which he has employed for that purpose." *State* v. *McBride*, 215 Minn. 123, 131.

The evidence is clear that the defendant was the president, treasurer and majority stockholder of the corporation and controlled its operations. He was in effect, as the defendant admits in his brief, the alter ego of the corporation.

The court was justified in concluding on all the evidence that the defendant was guilty beyond a reasonable doubt.

In this opinion JACOBS and LEVINE, Js., concurred.