## State of Connecticut v. Gorra Brothers, Inc.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 10-22321

Argued March 13—decided June 16, 1967

*Joseph E. Moukawsher,* of New London, for the appellant (defendant).

*James J. Murphy, Jr.,* assistant prosecuting attorney, for the appellee (state).

KOSICKI, J. The defendant was prosecuted on a single count of working and making sales of agricultural products on Sunday, August 14, 1966, in violation of § 53-300 of the General Statutes, and has appealed. The portions of the statute, which is a lengthy one, relied on by the state in proof of its case read as follows: "Work and recreation on Sunday. Any person who does, or requires an employee to do, any secular business or labor, except works of necessity or mercy, or, unless required by necessity or mercy, keeps open any shop, [or] warehouse . . . or sells or exposes for sale any goods, wares or merchandise . . . , between the hours of twelve o'clock Saturday night and twelve o'clock Sunday night next following, shall be fined not more than fifty dollars. . . . The sale of dairy products, fresh eggs, fresh agricultural products, horticultural products, bakery products, fruit, ice, ice cream, confectionery, nonalcoholic beverages, tobacco in any form, smokers' supplies, antiques, newspapers and other periodicals, medical supplies or supplies and repair parts for motor vehicles, motorcycles, motor boats and aircraft, by retail dealers whose places of business are open for the sale thereof on secular days, shall not be a violation of the provisions of this section."

There was sufficient evidence from which the court could reasonably find the following facts: The de-

fendant maintains a produce market in New London. On August 14, 1966 (a Sunday), at about 8:30 a.m., Officer Johnson was on duty in the vicinity of the market, which is located at 365 Bank Street. At that time and place he observed John Gorra, an officer of the defendant corporation, load several hand trucks of produce, consisting of lettuce, tomatoes and potatoes, and place them on his three-quarter-ton pickup truck. Gorra loaded the truck with produce on three separate occasions and each time drove off and returned shortly thereafter without the load. A delivery was made to C & R Grocery Store, a retail establishment, located across the street from the defendant's place of business. On that date and at approximately the same time, a Mr. Zingus, who operates a food concession at Ocean Beach Park, came to the defendant's shop and picked up a box of lettuce, containing twenty-four heads, and about three pounds of tomatoes. Zingus opens his concession around May 21 and closes in September. He usually deals with the defendant as a wholesaler on a running account which he pays about the middle of September. On the day in question, the purchases made by Zingus from the defendant were at wholesale and were charged to his running account. Other restaurants in the vicinity, because of lack of storage space and the perishability of the produce, frequently buy fruits and vegetables from the defendant on Sunday. The defendant sells on Sundays to keep its customers.

The court concluded that the defendant is a wholesale dealer in fruits and vegetables; that it engaged in sales at wholesale on Sunday, August 14, 1966; and that, in doing so, it violated § 53-300. In its motion to correct the finding, the defendant requested that certain paragraphs of subordinate facts be stricken because the officer who made the observations had no direct knowledge as to the dis-

position of the produce in question or as to whether the transactions were at wholesale or retail. It also claimed that whatever transactions occurred were exempt from the penal provisions of the statute for the reason that they were induced by necessity or mercy, because the produce sold to Zingus was perishable by nature and it was necessary for him and for other restaurants to purchase such items on Sunday in order to do business on that day.

The court's denial of the motion was correct. Absence of direct evidence as to a fact does not preclude the court from drawing inferences from the acts done or from considering the circumstances which would reasonably lead, by the requisite degree of proof, to its conclusion that the law had been violated. *State* v. *Grosso,* 139 Conn. 229, 233. "Courts must necessarily rely upon circumstantial evidence and are entitled to draw reasonable and logical inferences from all the facts. . . . In the final analysis, the contention of the defendant is that this court should retry the case on the evidence. This we cannot do." *Pillou* v. *Connecticut Co.,* 143 Conn. 481, 484. There is no distinction, so far as the weight and effect which should be given it is concerned, between direct and circumstantial evidence, even in a criminal case. *State* v. *DelVecchio,* 145 Conn. 549, 551; *Bradbury* v. *South Norwalk,* 80 Conn. 298, 301; *State* v. *Rome,* 64 Conn. 329, 334.

The defendant's contention also appears to mistake the clear import and intent of our statute. Section 53-300 prohibits the doing of secular business on Sunday except under certain circumstances as provided therein. The evidence was sufficient to prove that the defendant engaged in one or more of the prohibited acts, and there is no finding, nor evidence on which it could be based, to show that the defendant's acts came within the statutory exemptions. Selling of agricultural products on

Sunday to retailers for resale to their customers does not fall within the statutory definition of exempted sales of such products "by retail dealers whose places of business are open for the sale thereof on secular days." "As a rule, wholesale dealers are those who sell only to merchants who buy to sell to the consumer, whereas retail dealers sell direct to the consumer and not to other retail merchants." Ballentine, Law Dictionary, p. 1362. A retail dealer is one who sells for consumption and not for resale. Id., p. 1135. The court's conclusion that the defendant violated § 53-300 necessarily excludes any finding that the acts performed were "works of necessity or mercy" and, upon the defendant's own argument, it is clear that the decision of the court was correct. Whether the act is excusable as one of mercy or necessity because of the honest belief by the defendant that such was the fact is a question to be resolved by the trier. *Myers* v. *State,* 1 Conn. 502, 504. The only reasonable conclusion which could be reached was that the proscribed acts were performed for the convenience or profit of the defendant or for the purpose of minimizing the risk of loss by its customers. It may be noted further that the defendant was not excepted from the operation of the statute because of any religious beliefs. General Statutes § 53-303.

The remaining assignments of error which we need to dispose of are whether the conclusions stated by the court are supported by the evidence; whether the court correctly found that the defendant was guilty of the crime charged beyond a reasonable doubt; whether the court erred in overruling the defendant's claims of law that it was deprived of its constitutional right to a jury trial and that § 53-300 was unconstitutional as being vague and arbitrary so far as sales of the excepted perishables by wholesalers were concerned. These

assignments of error, so far as they relate to the findings and conclusions of fact, have been discussed above, and we believe that any further elaboration would serve no useful purpose.

The last two claims will be considered in reverse order. It is clear that under our law § 53-300 is a valid exercise of the police power of the state and is not contrary to the federal or the state constitution for any of the reasons advanced by the defendant. The statute is of ancient origin and, although it has been modified from time to time to meet changing customs and conditions, its purpose, "as its title and history indicate, is to secure a fitting observance of Sunday both as a day for religious worship and as a day for rest and recreation." *State* v. *Hurliman,* 143 Conn. 502, 507. In that case, the defendant, proprietor of a delicatessen store, sold a half pound of liverwurst to a customer on Sunday. Our Supreme Court, speaking through Chief Justice Inglis, held that the sale was not one of necessity or mercy, that the statute was not discriminatory in its classification of persons, merchandise or businesses, and that it was not violative of the equal protection of the laws clause contained in article first, § 1, of the Connecticut constitution and in § 1 of the fourteenth amendment to the federal constitution. Id., 505. Nor was the statute so vague in its definition of the crime as to contravene the due process clause in § 1 of the fourteenth amendment to the federal constitution. Id., 509; see such cases as *State* v. *Shuster,* 145 Conn. 554, 556; *State* v. *Ryan,* 80 Conn. 582, 584; *State* v. *Zwerdling,* 3 Conn. Cir. Ct. 33; *State* v. *Picheco,* 2 Conn. Cir. Ct. 584, 586; 50 Am. Jur., Sundays and Holidays, §§ 3-5, 9-11.

The final assignment of error for us to consider is whether the defendant was deprived of a constitutional right to a jury trial. We have had occasion

to pass on this issue in *State* v. *Heller,* 4 Conn. Cir. Ct. 174. We there held that under the Connecticut and federal constitutions a defendant charged with crime had no right to a trial by jury unless such a right existed at the time the state constitution of 1818 was adopted; and, furthermore, that by statute, § 51-266, there is no right to trial by jury in criminal actions where the maximum penalty is a fine of $50 or a jail sentence of thirty days or both. The maximum penalty which can be imposed for a violation of § 53-300, under which the defendant was prosecuted, is $50.

The predecessor of the portion of § 53-300 under which the defendant was tried and convicted appears in Statutes, 1808, at page 577, under title 140, "Sabbath." The enforcement of the provisions of that title was reposed in grand jurymen, constables and tithingmen of each town by presentment before a justice of the peace for trial. § 14. No jury trial was authorized in such a proceeding, and no appeal allowed. § 17. On the prosecution of such a complaint, before the justice, the accused was not constitutionally entitled to a jury trial. *Goddard* v. *State,* 12 Conn. 448.

The defendant contends that it was entitled to a jury trial because the prosecution was initiated by an information rather than a complaint, and therefore the distinction between the two, according to the rule in the *Goddard* case, supra, makes it mandatory, under our constitution, that when a defendant is presented on an information he is entitled to a trial by jury. We do not believe that nomenclature alone can be claimed to be decisive of the issue presented. We cannot disregard the plain, unequivocal terms of § 51-266, which was originally passed in 1959 and is a part of chapter 885 of the General Statutes, entitled "Circuit Court." Public Acts 1959, No. 28 § 32. This court was organized to replace

all courts of minor jurisdiction, including municipal, town, borough, and justice courts; and the jurisdiction of such courts, as enlarged by the General Assembly, passed wholly to the Circuit Court. We are of the opinion that the constitutional right of a defendant in a criminal prosecution has not been impaired by § 51-266, that the criteria for determining that right are essentially unchanged from those established by our preexisting law, and that § 51-266 does not violate article first, §§ 8 and 19 of the 1965 constitution of Connecticut (formerly §§ 9 and 21 of the constitution of 1818). The case of *Myers* v. *State,* 1 Conn. 502, cited by the defendant, is not applicable. There, it appears that the prosecution was originally begun in the Superior Court by information of the state's attorney, and no question as to the right to trial by jury was presented. See *State* v. *Ryan,* 80 Conn. 582; 76 Rec. & Briefs 388. The defendant gains nothing by this assignment.

There is no error.

In this opinion Pruyn and Jacobs, Js., concurred.