## State of Connecticut *v.* Wallace C. Weisser (4336)

Hull, Spallone and Bieluch, Js.

Argued September 17—decision released December 9, 1986

*Mark Rademacher,* for the appellant (defendant).

*Bernadette Conway,* special assistant state's attorney, with whom, on the brief, was *Juliet Crawford,* deputy assistant state's attorney, for the appellee (state).

Hull, J. The defendant was charged in Superior Court in the New Haven judicial district with breach of the peace, in violation of General Statutes § 53a-181, interfering with an officer, in violation of General Statutes § 53a-167a (a), and vending without a permit, in violation of General Statutes § 21-35. The charges arose out of a complaint that the defendant was playing his radio too loud near his flower vendor stand on the corner of York Street and Broadway in New Haven.

He was eventually charged in a second substitute information with the infraction of creating a public disturbance in violation of General Statutes § 53a-181a.[1] At arraignment, he claimed a trial by jury, which was denied. His case was tried to the court, which found him guilty and fined him $60. In this appeal, the defendant claims two grounds of error in the denial of his claim for a trial by jury: (1) that the court erred in denying him a trial by jury under the provisions of article first, § 8, of the constitution of Connecticut;[2] and (2) that the court erred in denying him a trial by jury under the provisions of article first, § 19, of the constitution of Connecticut.[3]

A person charged with an infraction is not entitled to a jury trial under General Statutes § 54-82b.[4] The use of an information to charge an offense not other-

[1] General Statutes § 53a-181a provides: "(a) A person is guilty of creating a public disturbance when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he (1) engages in fighting or in violent, tumultuous or threatening behavior; or (2) annoys or interferes with another person by offensive conduct; or (3) makes unreasonable noise.

"(b) Creating a public disturbance shall be an infraction."

[2] Article first, § 8, of the Connecticut constitution provides: "In all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel; to be informed of the nature and cause of the accusation; to be confronted by the witnesses against him; to have compulsory process to obtain witnesses in his behalf; to be released on bail upon sufficient security, except in capital offenses, where the proof is evident or the presumption great; and in all prosecutions by information, to a speedy, public trial by an impartial jury. . . . " (As amended by article XVII of amendments.)

[3] Article first, § 19, of the Connecticut constitution provides: "The right of trial by jury shall remain inviolate . . . . " (As amended by article IV of amendments.)

[4] General Statutes § 54-82b (a) provides: "Any party to a criminal action in the superior court may demand a trial by jury of issues which are triable of right by a jury. There is no right to trial by jury in criminal actions where the maximum penalty is a fine of ninety-nine dollars or a sentence of thirty days, or both." Public Acts 1986, No. 86-227 (a), effective October 1, 1986, amends section 54-82b (a) to raise the amount below which there is no right to a jury trial to $199.

wise entitled to a trial by jury does not thereby entitle a defendant to a trial by jury, despite the provisions of article first, § 8, of the constitution of Connecticut. *State* v. *Gorra Bros., Inc.,* 4 Conn. Cir. Ct. 488, 236 A.2d 345 (1967).

Concerning the second claim of a right to a trial by jury, we note that General Statutes § 53a-181a is a literal transposing of the introductory language and first three sections of the disorderly conduct statute, General Statutes § 53a-182. This creation of an exact replica of part of the offense of disorderly conduct was enacted in No. 83-226 of the 1983 Public Acts. The purpose of replicating this language of the existing disorderly conduct statute was to give police and the prosecuting authorities discretion to charge, where deemed appropriate, the infraction of creating a public disturbance rather than the class C misdemeanor of disorderly conduct. 26 S. Proc., Pt. 8, 1983 Sess., p. 2535.

We thus look to judicial precedent concerning the right to a trial by jury when charged with disorderly conduct in violation of General Statutes § 53a-182. There is long standing precedent that the crime of disorderly conduct is not substantially similar to any common law crime in Connecticut for which there was a right to a trial by jury. Thus, a defendant is not entitled to a trial by jury under article first, § 19, of the constitution of Connecticut. See *State* v. *Anonymous, (1971–4),* 6 Conn. Cir. Ct. 402, 275 A.2d 620 (1971); *State* v. *Boyer,* 2 Conn. Cir. Ct. 288, 198 A.2d 222 (1963); *State* v. *Avnayim,* 24 Conn. Sup. 7, 185 A.2d 295 (1962). As we stated in *O'Connor* v. *O'Connor,* 4 Conn. App. 19, 20, 492 A.2d 207, cert. granted, 196 Conn. 812, 495 A.2d 280 (1985), "[i]n the face of this uniform . . . precedent, whether the traditional rule

. . . should be reevaluated and possibly discarded in appropriate circumstances is not for this court to decide.''

We find no error.

In this opinion, BIELUCH, J., concurred.

SPALLONE, J., concurring. While I join in the opinion of the court, I write only to elaborate further my views regarding the defendant's claim that any defendant charged by information is entitled to a jury trial under article first, § 8, of our state constitution. I find that this claim reflects an unwarranted rigidity in the interpretation of our constitution. The label affixed to a charging document should not be the determining factor as to whether a person is entitled to a jury trial. *State* v. *Gorra Bros., Inc.,* 4 Conn. Cir. Ct. 488, 494–95, 236 A.2d 345 (1967). Rather, the focus should be, as both courts and the legislature have recognized, on the nature of the offense and seriousness of the penalty. General Statutes § 54-82b (a); *Duncan* v. *Louisiana,* 391 U.S. 145, 159–62, 88 S. Ct. 1444, 20 L. Ed. 2d 491, reh. denied, 392 U.S. 947, 88 S. Ct. 2270, 20 L. Ed. 2d 1412 (1968); *State* v. *Sheldon,* 5 Conn. App. 434, 499 A.2d 432 (1985). I would interpret the terms ''prosecution by information'' in article first, § 8, to refer to prosecutions of that class of serious crimes that have traditionally been prosecuted by an information rather than to prosecutions of any crime that happened to be charged by that document. Otherwise, the legislature could eviscerate the rights secured under article first, § 8, merely by abolishing the information or limiting the circumstances of its use.[1] Here, because of the rela-

[1] There is no constitutional requirement that the state use a particular type of charging document when prosecuting a crime. At present, criminal prosecutions in our state must be brought by either complaint or information. Practice Book § 616; A. Spinella, Connecticut Criminal Procedure (1985) pp. 392–93. The grand jury indictment, formerly another method

tively minor nature of the offense, the defendant was not entitled to a trial by jury.

A holding that any defendant prosecuted by information has a right to a jury trial would grant to any defendant who so desires a right to a trial by jury. This follows from Practice Book § 616, which grants any defendant a right to be prosecuted by information instead of complaint.[2] If every defendant has the right to be prosecuted by information, it follows, under the defendant's interpretation of article first, § 8, that anyone who exercises that right has the right to a trial by jury. Such a result, besides causing difficulty in the administration of our court system, clearly contravenes the mandate of the legislature that jury trials should be restricted in certain circumstances. General Statutes § 54-82b (a); see also *State* v. *Sheldon,* supra (upholding constitutionality of § 54-82b [a]).

Our legislature in enacting General Statutes § 54-82b (a) and the court in *State* v. *Gorra Bros., Inc.,* supra, recognized the principle that our constitution is a viable, flexible and practical document subject to interpretations that meet the exigencies of society without doing violence to the fundamental rights of its citizens. By ignoring this principle, the defendant would have us exalt form over substance.

---

of criminal prosecution, was abolished by a 1982 constitutional amendment. See *State* v. *Sanabria,* 192 Conn. 671, 474 A.2d 760 (1984). While misdemeanors, violations and infractions may be prosecuted by either complaint or information, all felonies must be prosecuted by information. Practice Book § 616.

[2] Practice Book § 616 provides in pertinent part: "In all jury cases, and in all other cases on written request of the defendant, the prosecuting authority as of course shall issue an information in place of the uniform summons and complaint."