STATE OF CONNECTICUT *v.* LORENZO BAEZ
(11451)

PETERS, HEALEY, PARSKEY, DANNEHY and SANTANIELLO, Js.

Argued October 10—decision released November 20, 1984

*Martin J. Minnella,* for the appellant (defendant).

*Edward T. Ricciardi,* assistant state's attorney, with whom, on the brief, was *John A. Connelly,* state's attorney, for the appellee (state).

PER CURIAM. The sole issue in this appeal is whether the trial court lacked jurisdiction to try the defendant on one count of a three count information. The defendant Lorenzo Baez was charged by a three count substitute information[1] with possession of narcotics, in violation of General Statutes § 19-481 (a);[2] possession of a hallucinogenic substance with intent to sell, in violation of General Statutes § 19-480 (a);[3] and possession

---

[1] The original information and the substitute information differed only as to the order of the counts.

[2] General Statutes § 19-481 (a) provided in 1980: "Sec. 19-481. PENALTY FOR ILLEGAL POSSESSION. SUBSTITUTION OF MEDICAL TREATMENT FOR CRIMINAL SANCTIONS. (a) Any person who possesses or has under his control any quantity of any narcotic substance, except as authorized in this chapter, for a first offense, may be imprisoned not more than seven years or be fined not more than three thousand dollars, or be both fined and imprisoned; and for a second offense, may be imprisoned not more than fifteen years, or be fined not more than five thousand dollars, or be both fined and imprisoned; and for any subsequent offense may be imprisoned not more than twenty-five years, or be fined not more than ten thousand dollars, or be both fined and imprisoned."

[3] General Statutes § 19-480 (a) provided in 1980: "Sec. 19-480. PENALTY FOR ILLEGAL MANUFACTURE, DISTRIBUTION, SALE, PRESCRIPTION, DISPENSING. (a) Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance, other than marihuana, or a narcotic substance except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than three thousand dollars or be both fined and

of a controlled substance, in violation of General Statutes § 19-481 (c).[4] The jury found the defendant guilty on counts one and three. It found him not guilty on count two of possession of a hallucinogenic substance with intent to sell, but guilty of the lesser included offense of possession. The trial court rendered judgment in accordance with the jury verdict. From that judgment, the defendant appeals.

The jury could reasonably have found the following facts. On November 11, 1980, three detectives of the Waterbury police department went to the home of the defendant with a warrant to search his home and person for cocaine. Upon arrival, they observed the defendant getting into a car known to belong to him and then driving out of his driveway. The detectives, in an unmarked police car, followed the defendant and stopped him, a short distance from his house, in order to execute the search warrant for his person. Detective John Ariola went over to the defendant's car on the passenger side and saw the defendant attempting to place a white envelope under the front seat of his car. Several white pills, which Ariola recognized as phencyclidine, fell out of the envelope. The detectives seized the envelope and the pills and placed the defendant under arrest. Following the arrest, the detectives

---

imprisoned and for each subsequent offense, shall be imprisoned not more than thirty years and may be fined not more than five thousand dollars, or be both fined and imprisoned."

[4] General Statutes § 19-481 (c) provided in 1980: "Sec. 19-481. PENALTY FOR ILLEGAL POSSESSION. SUBSTITUTION OF MEDICAL TREATMENT FOR CRIMINAL SANCTIONS. . . . (c) Any person who possesses or has under his control any quantity of any controlled substance other than a narcotic substance, or a hallucinogenic substance other than marihuana or who possesses or has under his control less than four ounces of a cannabis-type substance, except as authorized in this chapter, may be fined not more than one thousand dollars, or be imprisoned not more than one year, or be both fined and imprisoned; and for a subsequent offense may be imprisoned not more than five years, or fined not more than three thousand dollars or be both fined and imprisoned."

conducted a search of the defendant's house pursuant to the search warrant. In the master bedroom they found a bag containing a small package of cocaine, a razor blade, a small amount of marijuana and $920 in cash.

The defendant raises only one issue on appeal. He asserts that the trial court erred in denying his motion to dismiss the second count of the information. He argues that Ariola's observation of an envelope of white pills was insufficient to establish probable cause to arrest him for possession of phencyclidine with intent to sell. Although he concedes that there was probable cause to arrest him on the charges contained in counts one and three, he claims that the underlying defect in his arrest on the second count of the information deprived the court of personal jurisdiction to try him on that count. For two reasons, one procedural and one substantive, we find no error.

Procedurally, the defendant's jurisdictional claim cannot succeed because he failed to raise it in a timely manner. *State* v. *Gallagher,* 191 Conn. 433, 439, 465 A.2d 323 (1983); *State* v. *Saia,* 172 Conn. 37, 40–41, 372 A.2d 144 (1976); *State* v. *Tropiano,* 158 Conn. 412, 430–31, 262 A.2d 147 (1969), cert. denied, 398 U.S. 949, 90 S. Ct. 1866, 26 L. Ed. 2d 288 (1970); *Reed* v. *Reincke,* 155 Conn. 591, 598–99, 236 A.2d 909 (1967). The proper time to raise the issue of a defect in personal jurisdiction due to an illegal arrest is "not later than ten days after the entry of a plea . . . ." Practice Book § 811; *State* v. *Vincent,* 194 Conn. 198, 201, 479 A.2d 237 (1984). The defendant was arrested on November 11, 1980, and on December 8, 1980, he pleaded not guilty to the three count information and elected a trial by jury. Not until March 16, 1982, the second day of his trial, did he make a motion to dismiss the second count

of the information for lack of probable cause to arrest.[5] The defendant does not argue that at the time of his plea he was unaware of the grounds for this motion; *State* v. *Licari,* 153 Conn. 127, 130, 214 A.2d 900 (1965); nor does he point to any other factors that might mitigate his failure to raise the issue in a timely manner; *State* v. *Gallagher,* supra, 439; *Reed* v. *Reincke,* supra, 601. Under these circumstances, we conclude that he waived any objection he may have had to the trial court's jurisdiction over his person. As we explained in *Reed* v. *Reincke,* while subject matter jurisdiction "can be neither waived nor conferred by consent of the accused[,] [j]urisdiction of the person may . . . be acquired by consent of the accused or by waiver of objection, and it is waived by pleading not guilty and going to trial." (Citations omitted.) *Reed* v. *Reincke,* supra, 598–99.

Substantively, the defendant's claim cannot survive our recent holding in *State* v. *Heinz,* 193 Conn. 612, 629–30, 480 A.2d 452 (1984). That case, like this one, involved a defendant, charged on a multiple count information, who relied on *State* v. *Licari,* supra, to assert that an unlawful arrest deprived the trial court of jurisdiction over his person. *State* v. *Heinz,* supra, 628–29. In *State* v. *Heinz,* having found that the state had established probable cause to try the defendant on some of the counts with which he was charged, we concluded that the defendant could not raise a jurisdictional objec-

---

[5] The defendant argues that this issue was actually first raised in a motion to dismiss filed on December 18, 1980, only ten days after he had pleaded not guilty to all the charges against him. The grounds alleged in that motion were: "(1) The insufficiency of evidence or cause to justify the bringing or continuing the information or the placing of the Defendant on trial. (2) The insufficiency of the Affidavits relied upon for the issuance of the arrest warrant." The motion does not allege lack of jurisdiction, nor does it specifically address any one count of the information. The second ground, moreover, inaccurately refers to an arrest warrant whereas the record reveals that the only warrant in this case was one for search and seizure. This motion therefore failed to raise the jurisdictional issue in timely fashion.

tion to his trial on the remaining counts. *State* v. *Heinz,* supra, 629. We expressly "decline[d] to extend *Licari* to a case . . . where an arrest warrant properly establishes probable cause for some of the counts of the information under which the defendant is charged." Id., 630. *State* v. *Heinz* is dispositive of the defendant's argument in this case, because the defendant has not challenged the trial court's jurisdiction to try him on counts one and three of the information against him. We conclude, therefore, that the trial court had the requisite personal jurisdiction to try the defendant on the entire information.

There is no error.