STATE OF CONNECTICUT *v.* THOMAS BROWN
(3600)

DUPONT, C. J., HULL and DALY, Js.

Argued April 29—decision released July 22, 1986

*Charles E. Oman,* with whom, on the brief, was *Eddi Z. Zyko,* for the appellant (defendant).

*Linda N. Knight,* assistant state's attorney, with whom, on the brief, was *John A. Connelly,* state's attorney, for the appellee (state).

DUPONT, C. J. After a trial to a jury, the defendant was convicted of the illegal sale of a controlled substance, a violation of General Statutes (Rev. to 1981) § 19-480 (a), and the fraudulent sale of a noncontrolled substance, a violation of General Statutes (Rev. to 1981) § 19-473, as amended by Public Acts 1981, No. 81-199, and Public Acts 1982, No. 82-472, § 68, now codified in General Statutes § 21a-268. The defendant appeals from the judgment rendered on the jury's verdict, claiming that the trial court erred: (1) in entertaining the state's motion to rehear the defendant's motion to dismiss and, subsequently, in vacating its earlier dismissal of the charges against the defendant; and (2) in denying the defendant's motion in arrest of judgment.

The following facts are not in dispute. On June 8, 1983, the defendant was arrested for the alleged sale of narcotics and the alleged fraudulent sale of a noncontrolled substance. The defendant later posted bond and was released. On July 7, 1983, defense counsel filed a motion for disclosure, production and discovery and a motion for a bill of particulars. The motions were later marked off the court calendar and the case was put on the firm trial list. On May 29, 1984, a motion to compel the state to respond to the defendant's motions was filed. That motion was scheduled to be heard on June 7, 1984. On June 4, 1984, the trial court, *Fishman, J.,* informed the prosecutor in the case that the materials sought by the defendant should be delivered to defense counsel the next day. At 10 a.m. on June 5, 1984, the answers to the defendant's motions had not yet been delivered, although the court and defense counsel were

informed that they were being typed. When the answers were not delivered by 11 a.m., the trial court granted the defendant's oral motion to dismiss on the ground that "the delay and the dilatory tactics of the State in this case caused an unreasonable prejudice to the defendant in preparation of his case."[1] The trial court did not indicate whether the dismissal was with or without prejudice as required by Practice Book § 819.[2]

After taking an exception to the court's ruling, the state on that date filed answers to the defendant's motions and also filed a motion for a rehearing on the motion to dismiss. On June 14, 1984, the trial court, after hearing argument, vacated its earlier decision and denied the defendant's motion to dismiss. In making its decision, the court stated that it was unaware that the motions for discovery and a bill of particulars had been marked off the calendar and, instead, had acted upon the mistaken representation of defense counsel that those motions had been granted and that the state had failed to comply. Thus, the court concluded, there was, in actuality, no basis in the record for dismissing the case against the defendant. The defendant did not renew his motion to dismiss on these grounds prior to trial.

On July 9, 1984, the state filed a substitute information against the defendant. After he was tried and convicted, the defendant filed a motion in arrest of

[1] The trial court was authorized to take this action under Practice Book § 747 (3).

[2] Practice Book § 819 provides: "If the judicial authority grants a motion to dismiss, he shall specify whether the dismissal is with or without prejudice. If the dismissal is with prejudice, the defendant shall be released, and the prosecuting authority may, where he is entitled by law, appeal the dismissal in the same manner and to the same effect as appeals from final judgments in criminal prosecutions. If the dismissal is without prejudice, the defendant shall be released, but the dismissal shall not be a bar to further prosecution for the same offense or offenses."

judgment, pursuant to Practice Book § 905, claiming that the trial court was without jurisdiction of the offense charged. This motion was denied by the trial court, *Falsey, J.* The defendant subsequently filed this appeal.

The defendant's first claim of error is that the trial court, *Fishman, J.,* erred in taking further action in the case after granting the defendant's motion to dismiss. Specifically, he argues that the trial court erred in entertaining the state's motion to rehear the motion to dismiss and in subsequently vacating its earlier dismissal of the charges against the defendant. The defendant, in effect, claims that the motion to dismiss could not be reheard because the court had lost in personam jurisdiction over him when it granted his motion to dismiss on June 5, 1984, and did not, therefore, have any authority over him thereafter.

In this case, the trial court dismissed the charges against the defendant based upon an erroneous assumption concerning his motions for discovery and for a bill of particulars. In reviewing its decision, the trial court stated that the dismissal of criminal charges as a sanction against the state was a serious matter, especially where there was no basis in the record for its decision.[3] "[W]hen a court has acquired jurisdiction, no subsequent error or irregularity will oust the jurisdiction thus acquired. It does not lose jurisdiction because it makes a mistake in determining either the facts or the law, or both, in the case before it." 22 C.J.S. 423–24, Criminal Law § 165. Furthermore, at the time the trial court granted the motion to dismiss, the state promptly noted an exception to the trial court's decision, filed answers to the defendant's motions, and filed a motion to rehear

---

[3] According to Spinella, Conn. Criminal Procedure c. 7, pp. 509–10, there is no reported decision in this jurisdiction in which a trial court has dismissed charges pending against a defendant based upon the state's failure to comply with a discovery order.

the motion to dismiss. The state was entitled to make such a motion, and the court was authorized to entertain it, under Practice Book § 809.[4] The trial court either recognized the ambiguity in its prior judgment of dismissal or believed that its judgment was without prejudice. Under these circumstances, the trial court retained jurisdiction in order to reconsider a decision based upon an erroneous assumption. It did not err in entertaining and granting the motion to rehear its earlier decision on the motion to dismiss.

˙ The defendant's related claim is that he was released once the motion to dismiss was granted. Practice Book § 819 requires that when a trial court grants a motion to dismiss, it must specify whether the dismissal is with prejudice or without prejudice. The trial court did not so specify. If further clarification of this ruling were necessary, a motion for articulation could have been filed with the trial court pursuant to Practice Book § 3082. See *State* v. *Vincent,* 194 Conn. 198, 203, 479 A.2d 237 (1984).

If the trial court's dismissal was with prejudice, the state would have had an opportunity to appeal the decision. Although Practice Book § 819 indicates that the defendant shall be released when the dismissal is with prejudice, the defendant would not have been discharged from the trial court's jurisdiction. See *State* v. *Ross,* 189 Conn. 42, 46–47, 454 A.2d 266 (1983); *State* v. *Avcollie,* 174 Conn. 100, 107–108, 384 A.2d 315 (1977); *State* v. *Carabetta,* 106 Conn. 114, 119, 137 A. 394 (1927); *State* v. *Ross,* 39 Conn. Sup. 219, 220–21, 475 A.2d 347 (1984). If the dismissal was without prejudice, it would not have barred further prosecution for the same offenses. See Practice Book § 819.

[4] Practice Book § 809 authorizes a trial court, for good cause, to entertain pretrial motions such as the motion for a rehearing filed in this case by the state.

Even if we assume that the defendant was released at the time the motion to dismiss was granted, his subsequent conduct was sufficient to confer in personam jurisdiction on the trial court. After the trial court vacated its decision regarding the motion to dismiss, a substitute information against the defendant was filed by the state. The defendant appeared before the court and was tried and convicted on the charges contained in the substitute information. Any claim by the defendant that the court lacked jurisdiction over him because it granted his motion to dismiss is belied by his later appearance, without objection, on the substitute information. Jurisdiction over a person may be acquired by consent of the accused or by waiver unless an objection to jurisdiction is properly reserved. *State* v. *Vincent,* supra, 203 n.7; *State* v. *Jones,* 166 Conn. 620, 627–28, 353 A.2d 764 (1974). "Such an objection is also waived by pleading not guilty and going to trial. The accused cannot raise the question for the first time in the appellate court." 21 Am. Jur. 2d 590, Criminal Law § 339; see also 22 C.J.S., Criminal Law §§ 147 and 161. By not renewing his motion to dismiss prior to trial and going to trial on the charges contained in the substitute information, the defendant waived any objection regarding personal jurisdiction.

The defendant's second claim of error is that the trial court, *Falsey, J.,* erred in denying his motion in arrest of judgment, pursuant to Practice Book § 905,[5] filed after the defendant was found guilty and prior to his sentencing. The defendant claims that the motion should have been granted because the trial court was without jurisdiction over the offense charged. The

---

[5] Practice Book § 905 provides: "On motion of the defendant, the judicial authority shall arrest judgment if the indictment or information does not charge an offense or if the judicial authority was without jurisdiction of the offense charged. The motion in arrest of judgment shall be made prior to the imposition of sentence."

defendant argues that "[t]he moment the matter was dismissed by the Court it lost subject matter jurisdiction thereof."

Under Practice Book § 905, the trial court may arrest judgment only "if the indictment or information does not charge an offense or if the judicial authority was without jurisdiction of the offense charged." Here, the substitute information filed by the state properly charged the defendant with an offense. Furthermore, the trial court had jurisdiction over the offenses charged in the substitute information. "There is no question in the present case as to the jurisdiction of the trial court over the subject matter. It is a matter of law and can neither be waived nor conferred by consent of the accused." (Footnote omitted.) *State* v. *Jones,* supra, 627.

There is no error.

In this opinion the other judges concurred.