EDITH LISCIO, ADMINISTRATRIX (ESTATE OF PAUL E.
LISCIO) *v.* DINA LISCIO
(13135)

PETERS, C. J., HEALEY, SHEA, CALLAHAN, COVELLO, Js.

Argued June 4—decision released July 28, 1987

*Laurence V. Parnoff,* for the appellant (plaintiff).
*Ralph F. Scofield,* for the appellee (defendant).

COVELLO, J. The plaintiff, administratrix of her husband's estate, alleged in the first count of her complaint that the defendant had obtained a quitclaim deed of certain real property on Huntington Turnpike, Trumbull, from the decedent through undue influence. The plaintiff claimed in a second count that her deceased husband, Paul F. Liscio, had paid the purchase price for this property and she sought, therefore, the impression of a resulting and constructive trust.

In its charge to the jury, the trial court directed a verdict in favor of the defendant on the first count, which alleged undue influence, and the jury accordingly returned such a verdict.[1] The court ruled that an earlier quitclaim deed in the decedent's chain of title executed by only one of two joint tenants was a nullity, and could not act to sever a joint tenancy. The jury also returned a defendant's verdict on the second count. The plaintiff appeals from the judgment in its entirety. We disagree with the trial court's direction of the verdict as to the first count and order a new trial. We affirm the judgment on the second count.

The jury could reasonably have found that John Liscio and the defendant Dina Liscio were husband and wife and that the plaintiff's decedent, Paul F. Liscio, was their son. The jury could further have found that the following events occurred in the sequence indicated:

[1] In the course of its charge, the court stated: "I further charge you that because of the status of the title, the claims made in the first count of the complaint are without merit and I charge you, that if you so find this to be so, you should return a verdict for the defendant."

The parties dispute whether this charge constitutes a direction of the verdict on the first count. The line between a direction of a verdict and an instruction to the jury is often difficult to draw. "When the jury is told that only one verdict is open, the instructions take the form of direction of a verdict." E. Stephenson, Connecticut Civil Procedure § 193 (e). Based on our examination of the court's entire charge, we are satisfied that the jury was essentially instructed that only one verdict was open to them on the first count, and that the court therefore directed a verdict.

May 4, 1942—Dina Liscio acquired the premises at 1329 Huntington Turnpike, Trumbull;[2]

September 13, 1947—Dina Liscio quitclaimed her interest in 1329 Huntington Turnpike to Kenneth J. Zarilli;

September 13, 1947—Kenneth J. Zarilli quitclaimed his interest in 1329 Huntington Turnpike to John Liscio and Dina Liscio "and unto the survivor of them and unto such survivor's heirs and assigns forever;"

November 4, 1968—John Liscio quitclaimed any interest he had in 1329 Huntington Turnpike to Arthur T. Fattibene;[3]

November 4, 1968—Arthur T. Fattibene quitclaimed any interest he had in 1329 Huntington Turnpike back to John Liscio;

November 4, 1968—John Liscio executed his will in which he devised "all of my interest . . . in 1329 Huntington Turnpike" to his son, Paul F. Liscio;

1970—John Liscio died;

December 12, 1972—The Trumbull Probate Court issued a certificate of devise setting out from the estate of John Liscio a one half interest in 1329 Huntington Turnpike to Paul F. Liscio;

June 30, 1980—Paul F. Liscio quitclaimed his interest in 1329 Huntington Turnpike to Dina Liscio;[4]

August 2, 1980—Paul F. Liscio died.

In its charge to the jury, the court declared that John Liscio and Dina Liscio owned the Huntington Turnpike

---

[2] This is the transfer out of which the plaintiff claimed the resulting trust.

[3] This is the deed which the court ruled a nullity.

[4] This is the deed that the plaintiff claims was the product of undue influence.

property in survivorship by reason of the 1947 deed from Kenneth Zarilli. The court further charged that since this was the case, upon John Liscio's death in 1970, "the entire fee [passed to Dina Liscio] by operation of law, and there was no one-half interest or any interest in said premises to pass under his will." This is simply not so.

While there is common law authority for the proposition that certain survivorship interests in real property are indestructible absent the voluntary act of both joint tenants,[5] this is clearly no longer so in Connecticut. General Statutes § 47-14a provides in relevant part that "[a] conveyance of real estate . . . by deed . . . to two or more natural persons . . . in such form that the conveyance runs unto the grantees . . . *and unto the survivor of them . . . and unto the last survivor's heirs and assigns* . . . create[s] a joint tenancy in fee simple with right of survivorship added and the tenants . . . shall be known as joint tenants." (Emphasis added.) In addition, General Statutes § 47-14c provides that "a conveyance of any interest . . . in any joint tenancy by less than all of the joint tenants to a person . . . other than one of the remaining joint tenants severs the joint tenancy as to the interest . . . so conveyed and the grantee . . . shall hold the interest as tenant . . . in common with the remaining joint tenant or tenants." These provisions apply to deeds existing on June 29, 1959, and those executed thereafter unless a claim to the contrary was recorded upon the land records within one year from June 29, 1959. General Statutes § 47-14k.

Based on these statutes, it is evident that the 1968 quitclaim deed from John Liscio to Arthur T. Fattibene

[5] See cases cited in E. Stephenson, "Survivorship Deeds Under the Statute," 34 Conn. B.J. 15, 16 (1960).

extinguished the existing joint tenancy between John Liscio and his wife and passed an undivided one half interest in the property to Arthur Fattibene who then held the property with Dina Liscio as tenants in common. When Arthur Fattibene quitclaimed the interest back to John Liscio, the latter thereafter had a severable interest in the property which passed by his will to his son, Paul F. Liscio, at the time of his death in 1970.[6] The trial court's erroneous instruction concerning the effect of the 1968 quitclaim deed foreclosed the jury from considering the circumstances surrounding the 1980 deed. The plaintiff is therefore entitled to a new trial to consider her allegations that the transfer by Paul F. Liscio to Dina Liscio should be set aside because of the exercise of undue influence.

The plaintiff further claims error in the trial court's refusal to admit into evidence Dina Liscio's will. She claims that this refusal impacted adversely upon the jury's consideration of both counts of the complaint. We note that this claim of error is the *only* claim relating to the second count. Since this claim involves an evidentiary ruling likely to recur at the new trial, we would ordinarily address such an issue. Examination of the record, however, discloses that the will was never produced at trial, was never offered in evidence, nor was any motion made to quash the subpoena duces

---

[6] The defendant-appellee argued in her brief and at oral argument that if General Statutes § 47-14a et seq. permit a joint tenant with a right of survivorship unilaterally to sever the survivorship, then those provisions are unconstitutional. We decline to address this issue, however, as the defendant failed to file a statement under Practice Book § 4013 presenting for review alternate grounds upon which the judgment may be affirmed. We note that the record does contain a § 4013 statement, but the statement only requests a new trial, should error be found. While we have occasionally overlooked a failure to file a statement setting forth alternate grounds; see *DiSesa* v. *Hickey,* 160 Conn. 250, 262–63, 278 A.2d 785 (1971); we are unable to do so in this case because the constitutional issues were not fully briefed and argued, and because the plaintiff would be likely to suffer prejudice.

tecum which the plaintiff issued for its production. There was simply no ruling on the matter and therefore there is no appellate issue for us to address. There was a ruling on the admissibility of testimony concerning the content of the will. This matter, however, was not adequately briefed and we therefore decline to address it. See Practice Book § 4065; *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn. 491, 496, 208 A.2d 748 (1965).

The plaintiff has further asserted claims concerning the court's failure to give certain requested jury instructions. Again, these claims have not been fully developed and supported in her appellate brief and therefore we do not examine them. Practice Book § 4065; *Petrizzo* v. *Commercial Contractors Corporation,* supra.

There is error in part, the judgment is set aside as to the first count and the case is remanded for a new trial on that count. The judgment on the second count is affirmed.

In this opinion the other justices concurred.