STATE OF CONNECTICUT *v.* JENNIFER CLARKE
(9151)

DUPONT, C. J., NORCOTT and FOTI, Js.

Argued March 28—decision released May 7, 1991

*Elizabeth A. Gallagher,* with whom, on the brief, was *William F. Gallagher,* for the appellant (defendant).

*Mary H. Lesser,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *John O'Reilly,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant appeals from the judgment of conviction following a jury trial of criminal trespass in the second degree in violation of General Statutes § 53a-108 (a), and following a court trial of creating a public disturbance in violation of General Statutes § 53a-181a. These charges arose out of her actions during a demonstration at an abortion clinic.

The essence of the defendant's claims is that the trial court improperly prevented her from presenting evidence relating to the defense of necessity and the defense of justification.[1]

The defendant's first claim is controlled by our recent case of *State* v. *Anthony,* 24 Conn. App. 195, 588 A.2d 214 (1991). Because the harm sought to be prevented is not recognized as an injury under the law, the defense of necessity is insufficient as a matter of law and the court properly refused to allow the defendant to raise it. See id., 209.

---

[1] The defendant claims due process and equal protection of the law violations under both the Connecticut and federal constitutions.

In *Anthony,* we also determined that justification is not a defense to an infraction. Because creating a public disturbance is an infraction, the defendant had no right to claim justification as a defense to it. Id., 210.

What remains in the present case is the defendant's claim that the defense of justification can be applied in this case to the charge of criminal trespass in the second degree. The rationale of *Anthony* relating to the defense of necessity is here pertinent to the defense of justification. The law, as expressed by the United States Supreme Court in *Roe* v. *Wade,* 410 U.S. 113, 93 S. Ct. 705, 35 L. Ed. 2d 147 (1973), and as expressed by the Connecticut legislature by Public Acts 1990, No. 90-113, does not permit the use of General Statutes § 53a-19[2] as a justification defense under the circumstances of this case.

The judgment is affirmed.

---

[2] General Statutes § 53a-19 (a) provides in pertinent part that "a person is justified in using reasonable physical force upon another person to defend himself or a third person from what he reasonably believes to be the use or imminent use of physical force, and he may use such degree of force which he reasonably believes to be necessary for such purpose . . . ."