## STATE OF CONNECTICUT *v.* JON ONG
## (10808)

O'CONNELL, LAVERY and LANDAU, Js.

Argued September 30, 1992—decision released January 12, 1993

*Roger J. Frechette,* for the appellant (defendant).

*James M. Ralls,* assistant state's attorney, with whom, on the brief, were *Walter Flanagan,* state's attorney, and *Patricia A. Gilbert,* assistant state's attorney, for the appellee (state).

LAVERY, J. The defendant appeals from a judgment of conviction on one count of simple trespass in violation of General Statutes § 53a-110a.[1] The defendant was originally charged with one count of first degree criminal trespass in violation of General Statutes § 53a-107 (2), and with one count of interfering with a police officer in violation of General Statutes § 53a-167a. By substitute information, the state's attorney charged the defendant with simple trespass.

The defendant claims that his conviction should be reversed because (1) the trial court did not have subject matter jurisdiction to hear the case, (2) the trial court did not have personal jurisdiction over the defendant, and (3) the evidence was not sufficient to find the defendant guilty of violating General Statutes § 53a-110a.[2] We affirm the judgment of the trial court.

The trial court could reasonably have found the following facts. On Saturday, November 10, 1990, the defendant, along with several other individuals, took part in an antiabortion protest at Medical Options, a clinic in Danbury. The defendant and the other protestors arrived at the clinic in a van at 8 a.m. A group of protesters, including the defendant, rushed from the van, through the outside door into the building, through

---

[1] General Statutes § 53a-110a provides: "(a) A person is guilty of simple trespass when knowing that he is not licensed or privileged to do so, he enters any premises without intent to harm any property.

"(b) Simple trespass shall be an infraction."

[2] The defendant phrased this claim in his brief as follows: "In finding the defendant guilty when there was no proof of ownership or possession, and the premises were open to the public at large."

the interior door into the Medical Options waiting and reception area, through the waiting area and through another door into a hall lined with offices, examining rooms, operating rooms, and recovery rooms. The group sang, prayed, shouted and held up signs. Ten members of the group chained themselves together with bicycle locks. The police arrived and asked the protesters to disperse. After refusing to leave, the protesters, the defendant among them, were arrested and removed from the building.

The following procedural history is pertinent to resolving the issues on appeal. The defendant was charged by summons and complaint on November 10, 1990, with the misdemeanors of criminal trespass and interfering with a police officer. He agreed to appear in court on November 30. The defendant appeared as scheduled, pleaded not guilty, and elected a jury trial. The state's attorney filed a substitute information on October 22, 1991, charging the defendant with one count of simple trespass, an infraction. On October 29, shortly before the trial began, the defendant moved to dismiss the charges, claiming that the court lacked subject matter and personal jurisdiction. After the motion was denied, the defendant pleaded not guilty to the substituted charge. The case proceeded to trial, and the defendant was found guilty of simple trespass and fined $35.

The defendant first claims that the court did not have subject matter jurisdiction. We disagree, noting that *State* v. *Anthony,* 24 Conn. App. 195, 588 A.2d 214, cert. denied, 218 Conn. 911, 591 A.2d 813, cert. denied, U.S. , 112 S. Ct. 312, 116 L. Ed. 2d 254 (1991), is dispositive of this issue on appeal.

The defendant argues that subject matter jurisdiction was not established because the state's attorney initiated the prosecution of the infraction, simple tres-

pass, when he filed a substitute information. The defendant claims that the prosecution of an infraction must be initiated by the local or state police in accordance with General Statutes § 51-164n.[3] As we noted in *Anthony,* General Statutes § 51-164s[4] confers original jurisdiction for all causes of action on the Superior Court, except for those causes over which the Probate Court, by statute, has original jurisdiction. General Statutes § 51-164n does not provide for an exclusive procedure for the initiation for infraction violations, nor does it affect or diminish the original jurisdiction of the Superior Court. Initiating prosecution by means of summons and complaint was established in order to allow the police, as well as the prosecuting authorities, to begin the process. *State* v. *Anthony,* supra, 202. Granting police this discretion allows them to "avoid the imposition of a custodial arrest, unless found necessary to ensure appearance for trial." A. Spinella, Connecticut Criminal Procedure, p. 394.

Misdemeanors, violations, and infractions may be prosecuted by either information or complaint. Practice Book § 616.[5] A prosecutor has broad authority to

---

[3] General Statutes § 51-164n provides in pertinent part: "(a) There shall be a centralized infractions bureau of the superior court to handle payments or pleas of not guilty with respect to the commission of infractions . . . .

"(b) If the person elects to pay the fine and any additional fee established for the infraction . . . he shall send payment, by mail or otherwise, to the centralized infractions bureau. Such payment shall be considered a plea of nolo contendere . . . .

"(c) If the person elects to plead not guilty, he shall send the plea of not guilty to the centralized infractions bureau. The bureau shall send such plea and request for trial to the clerk of the geographical area where the trial is to be conducted. . . ."

[4] General Statutes § 51-164s provides in pertinent part: "The superior court shall be the sole court of original jurisdiction for all causes of action, except such actions over which the courts of probate have original jurisdiction, as provided by statute. . . ."

[5] Practice Book § 616 provides in pertinent part: "All misdemeanors, violations, and infractions shall be prosecuted by information or complaint. . . ."

amend an information prior to the commencement of trial. Practice Book § 623.[6] "There is no constitutional requirement that the state use a particular type of charging document when prosecuting a crime." *State* v. *Weisser,* 9 Conn. App. 255, 258 n.1, 518 A.2d 655 (1986) (*Spallone, J.,* concurring), cert. denied, 202 Conn. 803, 519 A.2d 1207 (1987). In this case, the defendant was originally charged with criminal trespass and interfering with a police officer. The state's attorney then reduced the charge by substitute information. The defendant has "failed to show that the prosecutor abused his discretion in choosing to proceed under a statute that imposed a lesser punishment." *State* v. *Steinmann,* 20 Conn. App. 599, 608, 569 A.2d 557, cert. denied, 214 Conn. 806, 573 A.2d 319 (1990).

Next, the defendant claims that the court did not have personal jurisdiction over the defendant. We are unpersuaded. Personal jurisdiction may be established by consent of the accused or by waiver unless an objection is properly preserved. The accused waives his objection to personal jurisdiction by pleading not guilty and by going to trial. *State* v. *Baez,* 194 Conn. 612, 616, 484 A.2d 236 (1984). The record shows that the defendant pleaded not guilty to the original charges on November 30, 1990. Just prior to trial on October 29, 1991, the defendant moved to dismiss for lack of personal jurisdiction. The defendant claimed that because he did not plead to the reduced charge by the method set out in General Statutes § 51-164n, there was no personal jurisdiction. The court denied this motion and granted the defendant an exception before accepting the defendant's plea of not guilty on the reduced

---

[6] Practice Book § 623 provides: "If the trial has not commenced, the prosecuting authority may amend the information, or add additional counts, or file a substitute information. Upon motion of the defendant, the judicial authority, in his discretion, may strike the amendment or added counts or substitute information, if the trial or the cause would be unduly delayed or the substantive rights of the defendant would be prejudiced."

charge. The defendant's argument that personal juris-
diction was not established is based on his claim that
the prosecuting authorities may not initiate a prose-
cution for an infraction. It has been established that
the Superior Court did have subject matter jurisdiction
in this matter; therefore, the defendant's second claim
cannot stand.

The defendant's third claim is that the evidence pre-
sented at trial did not sufficiently support his convic-
tion for simple trespass.[7] Because the appellant did not
comply with the requirements of the rules of practice
that he preserve an adequate record for review, we
choose not to address his evidentiary claim. Although
the state, for its own purposes, did provide a copy of
the transcript of the proceedings in this case, it remains
the responsibility of the appellant to provide this court
with an adequate record for review.[8] Practice Book

---

[7] See footnote 2, supra.

[8] We note that even if we were to interpret the rules of practice differ-
ently, and review the evidence presented at trial as revealed in the tran-
script provided by the state, it is clear that an abundance of evidence led
the court to conclude beyond a reasonable doubt that the defendant vio-
lated General Statutes § 53a-110a. Evidence presented at trial showed that
the defendant was among a group of individuals who rushed through the
doors of a medical clinic, past the receptionist, and into a restricted area
of the clinic where recovery rooms, operating rooms, and offices were
located. A member of the clinic's staff testified at the trial that patients
at the clinic almost always call to schedule an appointment before their
arrival. There was no evidence presented showing that the defendant or
any of his companions went to the clinic for an appointment, to schedule
an appointment, or even to inquire about services. After the defendant and
the other protesters ensconced themselves in an area of the clinic that is
clearly off limits even to waiting patients, the staff of the clinic asked them
to leave. They refused to do so, and eventually had to be forcibly removed
from the premises by police officers. Contrary to the defendant's asser-
tions, nothing in the record indicates that as a member of the public he
was invited to enter the clinic in the manner he did and remain there
indefinitely, disrupting the clinic's day-to-day business activities. The trial
court correctly concluded in rendering her decision from the bench that
property does not lose its private character merely because the public is
generally invited to use it for designated purposes. *State* v. *Steinmann,* 20
Conn. App. 599, 604, 569 A.2d 557 (1990).

§ 4061;[9] *Walton* v. *New Hartford,* 223 Conn. 155, 164–65, 612 A.2d 1153 (1992).

The defendant's brief makes it clear that he deliberately chose not to file a transcript of the trial. Citing *State* v. *McNellis,* 15 Conn. App. 416, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988), the defendant argues that it is the state's burden to point to a specific part of the record to substantiate a claim that the evidence was sufficient to support a conviction.[10] *State* v. *McNellis,* supra, does not support the defendant's argument. In that case, we declined to review the defendant's claim that the trial court relied on improper information in determining the defendant's sentence because the defendant did not provide this court with a vital transcript of an earlier proceeding and "a clear statement of the facts relevant to this issue." Id., 448.

Our rules of practice place the burden of proving error squarely on the appellant. In this case, the section of the defendant's brief claiming insufficiency of evidence fails to comply with Practice Book § 4065,[11]

[9] Practice Book § 4061 provides: "The court may reverse or modify the decision of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law.

"If the court deems it necessary to the proper disposition of the cause, it may remand the case for a further articulation of the basis of the trial court's factual findings or decision.

"It is the responsibility of the appellant to provide an adequate record for review."

[10] The state, as the appellee, actually claims nothing. It is only responding to the defendant-appellant's claim that the evidence was insufficient.

[11] Practice Book § 4065 provides in pertinent part: "The appellant's brief shall contain the following:  . . .

"(c) A statement of the nature of the proceedings and of the facts of the case. The statement of facts shall be in narrative form, and shall be supported by appropriate references to the page or pages of the record or transcript upon which the party relies. The statement of facts should not be detailed or voluminous but must be confined strictly to facts bearing upon the questions raised. An appellant may not rely upon any fact unless it is

which requires the appellant to support the statement of facts with appropriate references to the record or transcript, and does not permit reliance on any fact that is not set forth in a statement of facts or appropriately incorporated into the brief. Here, the defendant's brief contained "no more than the bare assertion that insufficient evidence existed . . . ." *State* v. *Buster,* 27 Conn. App. 263, 277, 606 A.2d 9, cert. granted, 222 Conn. 909, 608 A.2d 692 (1992).

Absent full compliance with these rules, we are compelled to deny review of an evidence claim. To do otherwise would condone a practice that, in the end, would do a disservice to the bench and bar.

The judgment is affirmed.

In this opinion the other judges concurred.

set forth in the statement of facts required by this subsection or is incorporated into the brief of the appellant in accordance with subsection (d) hereof.

"(d) The argument, divided under appropriate headings into as many parts as there are points to be presented, with appropriate references to the statement of facts or to the page or pages of the record or transcript. . . ."